IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LARRY RUSH | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| THE WILLIAM AND ROXANN DAVIS | § | Civil Action No. 5:11-cv-118 |
| COMPANY, L.L.C. d/b/a CLARION | § | |
| HOTEL LACROSSE, WILLIAM E. | § | |
| DAVIS, individually, AND ROXANN K. | § | |
| DAVIS, individually, | § | Jury Demanded |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff brings this action against Defendants the William and Roxann Davis Company, L.L.C. d/b/a Clarion Hotel Lacrosse, William E. Davis, individually, and Roxann K. Davis, individually, and would show as follows:

### I.   OVERVIEW

1. Defendants William and Roxann Davis Company, L.L.C. d/b/a Clarion Hotel Lacrosse, William E. Davis, individually, and Roxann K. Davis, individually (collectively referred to as "Defendants"), failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an exempt employee and, as a result, not paid time and a half of his regular rate of pay for all hours worked in excess of 40 hours per workweek.

## II. PARTIES

2. Plaintiff is an individual who resides in Texarkana, Texas. His written consent is attached as Exhibit "A".

3. Defendant the William and Roxann Davis Company, L.L.C. d/b/a Clarion Hotel Lacrosse ("the Hotel"), is a limited liability company authorized to do business in Texas. The Hotel is engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and is obligated to ensure that all employees are paid in accordance with the FLSA. The Hotel can be served with process through its registered agent, William E. Davis, located at 6822 Summerhill Road, Texarkana, Texas 75503, or wherever he may be found.

4. Defendants William E. Davis and Roxann K. Davis are the directors of the Hotel, and they are also believed to be the owners.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendants because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

7. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, the Hotel has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, the Hotel has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000, (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a Maintenance Supervisor from approximately March of 2010 through June of 2010. Plaintiff's primary job duties consisted of hotel maintenance, including handling duties such as plumbing, electrical, and pool maintenance. Defendants paid Plaintiff a salary, (less a certain amount per week for lodging), but Plaintiff regularly worked in excess of 40 hours a week and was entitled to overtime pay. However, Defendant did not pay Plaintiff this overtime pay, which should have been one and a half times the regular rate of pay for the hours that he worked over 40 hours per week.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

12. During the relevant period, Defendants have violated and continue to violate the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing him in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours, without compensating him for his hours worked in excess of forty hours per week at rates no less than one and one-half times the regular rates for which he was employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

13. Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs; and

b. For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff his attorneys fees; and

d. For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ signature*

Robert (Bobby) Lee
Texas Bar No. 00787888
Carmen Artaza
Texas Bar No. 24055114

**Lee & Braziel, LLP**
1801 N. Lamar, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Telecopier: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current/former employer(s)

_____    29MAY62
Signature                                                                          Date

Larry W. Rush
Printed Name

